JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| NACHHATTAR SINGH, PARAMJIT KAUR, JASPREET SINGH, AND SWARANJIT KAUR | USCIS; Eduardo Aguirre, Director USCIS; David N. Still, District Director, SF District Office; Don Riding, Officer In Charge, Fresno Sub Office; Evelyn Upchurch, Acting Director, Nebraska Service Center |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES)<br>Fresno | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Law Office of Robert B. Jobe, 550 Kearny St., Ste. 150, SF CA<br>415 956 5513 | ATTORNEYS (IF KNOWN)<br>Office of the US Attorney, 450 Golden Gate, 11th Fl., SF, CA |

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ Removed from State Court
- ☐ Remanded from Appellate Court
- ☐ Reinstated or Reopened
- ☐ Transferred from Another district (specify)
- ☐ Multidistrict Litigation
- ☐ Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | **PERSONAL PROPERTY** | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth In Lending | ☐690 Other | | ☐850 Securities/Commodities/Exchange |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liabiltiy | ☐380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐892 Economic Stabilization Act |
| ☐196 Franchise | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐893 Environmental Matters |
| | | | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐895 Freedom of Information Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | ☐791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | | ☐870 Taxes (US Plaintiff or Defendant | |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | ☐871 IRS - Third Party 26 USC 7609 | ☐950 Constitutionality of State Statutes |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | | |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | | | ☐890 Other Statutory Actions |
| ☐290 All Other Real Property | ☐445 Amer w/ disab - Empl | ☐555 Prison Condition | | | |
| | ☐446 Amer w/ disab - Other | | | | |
| | ☐480 Consumer Credit | | | | |
| | ☐490 Cable/Satellite TV | | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Administrative Procedures Act, 5 USC 702; 28 USC 1361 (Mandamus); 28 USC 2201 and 2202

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $_____ ☐ CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)** (PLACE AND "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE    SIGNATURE OF ATTORNEY OF RECORD
2/23/06

```
 1  Robert B. Jobe (State Bar #133089)
    LAW OFFICE OF ROBERT B. JOBE
 2  550 Kearny Street, Ste. 150
    San Francisco, CA 94108
 3  Tel: (415) 956-5513
    Fax: (866) 284-1910
 4  Email: bob@jobelaw.com

 5  Attorney for Plaintiffs.

 6

 7           UNITED STATES DISTRICT COURT FOR THE

 8                NORTHERN DISTRICT OF CALIFORNIA

 9
    NACHHATTAR SINGH,              )
10  PARAMJIT KAUR,                 )   C No. 06 1331
    JASPREET SINGH,                )
11  SWARANJIT KAUR,                )
                                   )
12      Plaintiffs,                )   COMPLAINT FOR A WRIT OF
                                   )   MANDAMUS AND DECLARATORY
13           v.                    )   AND INJUNCTIVE RELIEF
                                   )
14  U.S. CITIZENSHIP AND IMMIGRATION)
    SERVICES; EDUARDO AGUIRRE,     )
15  DIRECTOR, U.S. CITIZENSHIP AND )   USCIS Alien Numbers:
    IMMIGRATION SERVICES; DAVID N. )   72-137-792
16  STILL, DISTRICT DIRECTOR, USCIS)   97-123-409
    SAN FRANCISCO DISTRICT OFFICE; )   97-123-410
17  DON RIDING, OFFICER IN CHARGE, )   97-123-411
    USCIS FRESNO SUB OFFICE; EVELYN)
18  UPCHURCH, ACTING DIRECTOR, USCIS)
    NEBRASKA SERVICE CENTER,       )
19                                 )
        Defendants.                )
20  _____)

21
                 COMPLAINT FOR A WRIT OF MANDAMUS
22           AND DECLARATORY AND INJUNCTIVE RELIEF

23      By their undersigned attorney, Plaintiffs, NACHHATTAR SINGH

24  ("Mr. Singh"); PARAMJIT KAUR ("Ms. Kaur"); JASPREET SINGH

25  ("Jaspreet"), and SWARANJIT KAUR ("Swaranjit"), as and for their

26  complaint, allege as follows:

27

28
                                          Complaint for a Writ of Mandamus
```

**PRELIMINARY STATEMENT**

1. Mr. Singh is a native and citizen of India who has been granted asylum in the United States. On July 23, 2003, Mr. Singh filed three petitions to confer derivative asylee status on his wife and two children – from whom he has been separated almost sixteen (16) years – with the U.S. Citizenship and Immigration Services ("USCIS," formerly the Immigration and Naturalization Service).[1] Those petitions inexplicably remain pending, despite Mr. Singh's repeated requests for adjudication. As a result, Mr. Singh's wife and two children remain in India, separated from Mr. Singh. This action seeks to compel the adjudication of the I-730 petitions Mr. Singh filed on behalf of Ms. Kaur, Paramjit, and Swaranjit.

**JURISDICTION**

2. Jurisdiction over the subject matter of this civil action is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1361, as a civil action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to Plaintiffs; 5 U.S.C. § 702, as a challenge to agency action under the Administrative Procedure Act ("APA"); and 28 U.S.C. §§ 2201 and 2202, as a civil action

---

[1] Pursuant to the *Department of Homeland Security Reorganization Plan, Homeland Security Act of 2002*, Pub. L. No. 107-296, 116 Stat. 2135 (2002), 6 U.S.C. §§ 101-557, as of March 1, 2003, the INS was abolished and its functions were transferred to the U.S. Citizenship and Immigration Services ("USCIS") within the Department of Homeland Security ("DHS").

seeking, in addition to other remedies, a declaratory judgment.

## VENUE

3. Venue is properly in this district pursuant to 28 U.S.C. §§ 1391(e)(2) and (e)(3), because a substantial part of the events giving rise to this claim occurred in this district and no real property is involved in this action.

## STANDING

4. The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' illegal action has immeasurably prolonged the separation of the Plaintiffs from their immediate family members. Plaintiffs thus fall within the APA's standing provisions. *See, Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State, Bureau of Consular Affairs*, 45 F.3d 469, 471-72 (D.C. Cir. 1995), *reh'g denied*, 74 F.3d 1308 (D.C. Cir.), *vacated on other grounds*, 117 S. Ct. 378 (1996); *see also, Abourezk v. Reagan*, 785 F.2d 1043, 1050-51 (D.C. Cir. 1986).

## PLAINTIFFS

5. Nachhattar Singh is a native and citizen of India who currently resides at 5128 E. Mountain View Avenue, Selma, California, 93662. Mr. Singh was granted asylum in the United States, by a San Francisco immigration judge, on June 6, 2003. On or about July 23, 2003, he petitioned the USCIS to confer derivative asylee status on his wife and two children. Although more than two years have lapsed since that time, the USCIS has failed to adjudicate those petitions.

6. Paramjit Kaur, a native and citizen of India, is Mr. Singh's wife. She presently resides at V.P.O. Safu Wala, Tehsil District, Moga, Punjab, India. She has been unable to join her husband in the United States because of the USCIS's inexplicable failure to adjudicate the I-730 petition filed on her behalf.

7. Jaspreet Singh, a native and citizen of India, is Mr. Singh's unmarried son. He presently resides at V.P.O. Safu Wala, Tehsil District, Moga, Punjab, India. He has been unable to join his father in the United States because of the USCIS's inexplicable failure to adjudicate the I-730 petition filed on his behalf.

8. Swaranjit Kaur, a native and citizen of India, is Mr. Singh's unmarried daughter. She presently resides at V.P.O. Safu Wala, Tehsil District, Moga, Punjab, India. She has been unable to join her father in the United States because of the USCIS's inexplicable failure to adjudicate the I-730 petition filed on her behalf.

**DEFENDANTS**

9. The United States Citizenship and Immigration Services (USCIS) is the federal agency within the Department of Homeland Security that is responsible for the administration and enforcement of the Immigration and Nationality Act ("INA") and all other laws relating to the immigration and naturalization of non-citizens.

10. Eduardo Aguirre is the Director of the USCIS and, as such, has been delegated the authority to direct the

administration of the USCIS, and to enforce the INA and all other laws relating to the immigration and naturalization of non-citizens. Defendant Aguirre is sued herein in his official capacity.

11. David N. Still is the District Director of the USCIS San Francisco District Office and is sued in his official capacity. In his capacity as District Director, Mr. Still "is responsible for the administration and enforcement of the [Immigration and Nationality] Act and all other laws relating to immigration and naturalization within [his] assigned geographic activity." 8 C.F.R. § 100.2(d)(2).

12. Don Riding is the Officer In Charge of the USCIS Fresno Sub Office and is sued in his official capacity.

13. Evelyn Upchurch is the Acting Director of the USCIS Nebraska Service Center and is sued in her official capacity.

**FACTS**

14. In enacting the Refugee Act of 1980, Congress expressed its commitment to the "historic policy of the United States to respond to the urgent needs of persons subject to persecution in their homelands." *Refugee Act of 1980*, Pub. L. No. 96-212, 94 Stat. 102 (1980). A priority of this policy was the preservation and protection of the families of people granted asylum in this country. The INA provides that a spouse or child of an asylee "may . . . be granted the same status as the alien if accompanying, or following to join, such alien." INA § 208(b)(3) [8 U.S.C. § 1158(b)(3)]; see generally 8 C.F.R. § 208.21.

15. USCIS regulations outline the procedures that must be followed for an asylee to petition for a spouse and/or children who are outside the United States. For each family member, the asylee must file a Refugee/Asylee Relative Petition (Form I-730) with the CIS, "setting forth the full name, relationship, date and place of birth, and current location of each [qualifying family member]." 8 C.F.R. § 1208.21(d).

16. Once the USCIS approves the petition, it forwards the petition to the Department of State "for delivery to the American Embassy or Consulate having jurisdiction over the area in which the asylee's spouse or child is located." 8 C.F.R. § 1208.21(d). Officers of the USCIS at the American Embassy then have the ministerial duty of issuing travel documents to the beneficiaries of the approved I-730 petitions.

17. This lawsuit arises out of Defendants' illegal delay of more than two (2) years in the adjudication of Mr. Singh's I-730 petitions.

18. Mr. Singh was born on January 1, 1953 in the village of Saffuwala, Punjab, India. He married his wife, Paramjit Kaur, on February 16, 1981 in Singha Wala Tehsil, in the District Moga, Punjab. They have two children, Jaspreet Singh, born February 6, 1982, and Swaranjit Kaur, born September 1, 1985. After being unjustly detained and brutally tortured by the Indian police, Mr. Singh fled India and arrived in the U.S. on April 9, 1993. Shortly thereafter, Mr. Singh filed an application for asylum. Although the San Francisco Asylum Office referred his application

1 | to the San Francisco Immigration Court, Mr. Singh was granted
2 | asylum by the immigration judge on June 6, 2003.
3 |     19.   On or about June 25, 2003, with the assistance of
4 | current counsel, Mr. Singh filed I-730 Refugee/Asylee Relative
5 | Petitions with the USCIS Nebraska Service Center ("NSC") on
6 | behalf of his wife and two children.  See 8 C.F.R. § 1208.21.
7 | Those petitions have been pending with the USCIS since that time.
8 |
9 |     20.   After over one and a half years, on February 3, 2005,
10 | Mr. Singh mailed a written inquiry to the USCIS Nebraska Service
11 | Center, indicating that although the NSC was processing petitions
12 | filed on October 20, 2003,[2] his own petitions remained pending
13 | without explanation.  Mr. Singh did not receive a response to
14 | that inquiry.
15 |     21.   In, or around, June 2004, Mr. Singh received a Notice
16 | of Action stating that his I-730 petitions had been transferred
17 | to the USCIS San Francisco District Office.
18 |     22.   At a later date, Mr. Singh went, in person, to the
19 | USCIS Fresno Sub Office to inquire about the status of his I-730
20 | petitions.  The Fresno Sub Office, however, indicated that it was
21 | unable to provide Mr. Singh with any information, as it did not
22 | have his file.
23 |     23.   During this time period, Mr. Singh met with his
24 | counsel's office.  Mr. Singh's attorney sent a status inquiry,

---

[2] As indicated by the USCIS Processing Dates at that time. See https://egov.immigration.gov/cris/jsps/Processtimes.jsp?SeviceCenter=Nebraska

via facsimile, to Eddy Liu, the Supervisor of Visa Petitions at the USCIS San Francisco District Office. A copy of that letter was sent to Bill Ramos, Section Chief of Adjudications at the same district office.

24. About four of five months ago, Mr. Singh contacted Congressman Jim Costa in hopes of obtaining assistance with his family petitions. The only information he has been provided is that Mr. Singh's I-730 files are now located at the Fresno Sub Office.

25. Mr. Singh has taken exhaustive steps in an attempt to compel Defendants to adjudicate the I-730 petitions he filed on behalf of his wife and children. Although more than two years have elapsed since Mr. Singh filed those petitions, and the online Nebraska Service Center Processing Dates indicate that the NSC is currently processing I-730 petitions filed on or before August 25, 2005, the USCIS has still not adjudicated the petitions. As a result, Mr. Singh and his family remain separated.

26. Defendants' willful delay in adjudicating Mr. Singh's I-730 petitions clearly contravenes the USCIS's duty to process that petition within a reasonable period of time. As a result of this delay, Mr. Singh's wife and children remain in India, separated from their husband and father.

27. This civil action seeks a writ of mandamus ordering Defendants to immediately adjudicate the I-730 petitions filed on behalf of Ms. Kaur, Jaspreet, and Swaranjit.

28.  Plaintiffs have exhausted any administrative remedies that may exist. No other remedy exists for Plaintiffs to resolve Defendants' refusal to comply with their regulatory obligations within a reasonable period of time.

29.  Defendants' illegal action has kept Plaintiffs in separate countries without the ability to be reunited. Because he faces persecution in India, Mr. Singh cannot travel to see his family. At the same time, because their I-730 petitions have not been adjudicated, his family cannot travel to U.S.

30.  Plaintiffs have suffered, and will continue to suffer, irreparable injury for which they have no adequate remedy at law. If the relief prayed for is not granted, Plaintiffs will suffer continued separation and extreme individual hardship.

### FIRST CAUSE OF ACTION
(Mandamus)

31.  Plaintiffs repeat, allege, and incorporate paragraphs 1 through 30 above as though fully set forth herein.

32.  Defendants have the nondiscretionary duty to adjudicate the I-730 petitions filed by Mr. Singh. By failing to do so, Defendants are, quite simply, failing to comply with their statutory and regulatory duties. Plaintiffs are entitled, therefore, to relief in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel Defendants to adjudicate the I-730 petitions filed by Mr. Singh.

## SECOND CAUSE OF ACTION
**(Violation of the Administrative Procedure Act)**

33. Plaintiffs repeat, allege, and incorporate paragraphs 1 through 32 above as though fully set forth herein.

34. Plaintiffs are persons aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* By failing to adjudicate the I-730 petitions filed by Mr. Singh on behalf of his wife and children, Defendants have acted arbitrarily and capriciously and have "unlawfully withheld or unreasonably delayed" agency action in violation of 5 U.S.C. § 706.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs pray that this Court:

(1) Accept jurisdiction over this action;

(2) Declare Defendants' failure to adjudicate the I-730 petitions filed by Mr. Singh on behalf of his wife and children to be a violation of 8 C.F.R. § 1208.21, the Administrative Procedure Act, and 28 U.S.C. § 1361;

(3) Order the USCIS to immediately adjudicate Mr. Singh's I-730 petitions and forward the approved petitions to the U.S. Embassy in Delhi for the issuance of travel documents to Ms. Kaur, Jaspreet, and Swaranjit;

(4) Grant attorney's fees and costs of court under 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and other authority; and

(5) Grant such other and further relief as this Court deems just and proper under the circumstances.

DATED: February 22, 2006            Respectfully Submitted,

_____
Robert B. Jobe, Esq.
LAW OFFICE OF ROBERT JOBE
550 Kearny, Suite 150
San Francisco, CA 94108
(415) 956-5513

Attorney for Plaintiffs

| 1 | SHORT TITLE: |
|---|---|
| 2 | NACHHATTAR SINGH, PARAMJIT KAUR, JASPREET SINGH, SWARANJIT KAUR, |

PROOF OF SERVICE BY MAIL AND PERSONAL DELIVERY

I, Lina Baroudi, declare that I am employed in the City and County of San Francisco California. My business address is 550 Kearny St., Suite 150, San Francisco, CA, 94108. I am over the age of 18 and not a party to the above named action.

On February 23, 2006, I served true copies of the following:

**Complaint for a Writ of Mandamus and Declaratory and Injunctive Relief**

on the interested parties, by certified mail, at:

| USCIS<br>U.S. Department of Homeland Security<br>425 I Street, NW<br>Washington, DC 20536 | Eduardo Aguirre, Jr., Director<br>USCIS<br>425 I Street, NW<br>Washington, DC 20536 |
|---|---|
| David N. Still, District Director<br>USCIS San Francisco District Office<br>630 Sansome Street<br>San Francisco, CA 94111 | Don Riding, Officer In Charge<br>USCIS Fresno Sub Office<br>1177 Fulton Mall<br>Fresno, CA 93721-1913 |
| Evelyn Upchurch, Acting Director<br>USCIS Nebraska Service Center<br>P.O. Box 82521<br>Lincoln, NE 68501-2521 | Alberto Gonzales<br>Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 |

and by personal delivery at:

   United States Attorney's Office, Northern District
   450 Golden Gate Avenue, 11th Floor
   San Francisco, CA 94102

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on February 23, 2006, in San Francisco, California.

_____
Lina Baroudi

12                                          Complaint for a Writ of Mandamus